And will you call the next case please? 315-0419, People of the State of Illinois, Appleby v. Mark Austell v. Willie Harrison, appellant by David Harris. Mr. Harris. Good morning, your honors. I'm David Harris, assistant defender on behalf of Willie Harrison. May it please the court. The circuit court below allowed Mr. Harrison to waive his counsel and proceed pro se for his post-conviction proceedings without ensuring that this waiver was knowing and intelligent. If this had happened at trial without any admonishments like this, we would know that reversal and remand for a new trial would be required. This is a post-conviction proceeding, though, where the right to counsel is provided by statute and not the Constitution. How did he invoke his right? I believe it was with the filing of the initial post-conviction petition. I think there was a request to proceed in form of offeras with the appointment of counsel. Okay, so he actually made a request pursuant to statute. If I recall, I believe he attached that with his post-conviction petition, but I can't be certain. Because the whole post-conviction proceeding puts the onus on the petitioner, correct? Yes, I believe so. Unless, obviously, the court, looking upon that filed petition, would find at that first stage there has to be what before it can proceed further? Well, the court would summarily dismiss it if the court finds it frivolous and fattening without merit. And if it has potential arguable merit, it would advance to the second stage. Okay, so even if we would not find that request in the petition filed by Mr. Harrison, the court would be free to appoint without that request? Yes, I believe so, and I think that's routinely done when a petition is advanced to the second stage regardless of the request. Right, but it's also done fairly frequently even if there's no request per se, right? Yes, I don't think that would affect the analysis of a waiver once counsel has been appointed and there is a statutory right to counsel. That right is being utilized, and waiver of that right still has to follow certain procedures and has certain protections. And where do we find what those procedures are to waiver? They're certainly not in the statute, are they? No, well, there's a concession by the state in this brief that not about procedures but about standards at least, that even with the statutory right to counsel, a waiver has to be knowing and intelligent, which is the same standard that we apply to waivers of the right to trial counsel. And that's what this court said in Leslie also, it was a post-conviction case, that the waiver of post-conviction counsel, the waiver of collateral counsel, even though regardless of the source of the rights, be it the statute or constitution or the stage of proceedings, must be intelligent and knowing. And the state on page 6 of this brief agrees with this standard. Is that still a good law in the appellate court? I believe, well, it's the law in Leslie. The first district adopted the same standard in People v. Gray. And I don't think, I haven't seen any case that says that the waiver can be less than knowing and intelligent, even with collateral counsel. And again, the state has agreed with this standard. So we're here now just to determine whether or not Mr. Harrison, in saying I don't want this counsel any longer, made a knowing waiver. Correct. I think we'd all agree that in the common sense of the use of the word. I'm sorry? I think we'd all agree that in the common meaning of intelligent, it's probably never intelligent. I don't know why we even use that word. Well, we have further guidance from the U.S. Supreme Court on what this standard means. They described a knowing intelligent waiver as one after which the court, the trial court, has made the defendant aware of the dangers and disadvantages of self-representation. Still doesn't mean the decision's intelligent. No, well, it's with an understanding of what the government. It's a bad use of language by the United States Supreme Court. Perhaps, perhaps. But it's been further defined as placing a burden on the trial court to make the defendant aware of the dangers and disadvantages of proceeding pro se. A recent Illinois Supreme Court case, Eugene Wright also talked about making aware of the potential pitfalls of self-representation. So there is some further discussion of what knowing intelligent means. And it means you have to be aware of the context of this waiver and what self-representation will entail and what it will risk. The decision, as Fred has said, needs to be made with eyes open. And the trial court below. What's lacking here? And what's our review standard? Well, you review waivers for an abuse of discretion. Pretty low, right? Pretty deferential to the trial court. Sure. And what the trial court below did was also pretty low. The court had almost no discussion here with Mr. Harrison before letting go pro se. The court didn't make him aware of the dangers and disadvantages of self-representation. Didn't even make him aware that there would be an evidentiary hearing until after accepting his waiver of counsel. A petitioner in his shoes may have thought he'd be arguing on the pleadings. The court really took no steps to safeguard this right to counsel and ensure that the waiver was knowing and intelligent. And so he didn't really get what he wanted, which would have been what? I'm sorry? He didn't really get what he wanted, right? Well, ultimately he wanted to succeed on this petition. Which was to do what? I'm sorry? Which was to do what? To withdraw his plea and go back to the pre-plea posture. To a trial? Yes. With a potential of 30 years? Yes. Which he was not made aware of, that this was a potential risk of going forward. Never even in his plea negotiations with trial counsel when he pled guilty? He wasn't aware of that? After the guilty plea proceeding, he was told that the sentencing range, yes. But that was 20 months prior. So he could have forgotten. And it was also at a time in which he was not seeking to waive counsel. And the appellate court in Langley, which is cited in the dissent in Young, held that discussion of the sentencing range, and this relates to Rule 401, discussing the sentencing range and nature of the charge at a time months prior where a defendant is not seeking to go pro se, do not carry forward to a much later request to go pro se. And that was a seven-month period of time. Here we have 20 months from the guilty plea to when he thought to go pro se in his post-conviction proceedings. And at the time of that plea, he was enjoying the right to counsel. So I don't think that carries forward. But that also doesn't, his waiver 20 months later can't be made knowing and intelligent on the basis of something he was told 20 months earlier. But that does touch on Rule 401A, which is a rule designed to protect against invalid waivers and ensure knowing and intelligent on the basis of waivers. At what stage of proceedings was it designed for? That, I believe, is an open question. The Supreme Court has said so, haven't they? Didn't they say what it was? Well, in the language of the rule, again, first the source of the right to counsel is irrelevant for purposes of 401A. And the State has written this in a brief, too, citing the Illinois Supreme Court in Campbell, that whether it's a statutory right or a constitutional right to counsel does not affect the applicability of Rule 401A. Now we're not asking that the source has to be. Even the language of 401A might suggest otherwise. Yes. So the State, in this brief, focuses on a couple words in the rule. First, accused, that because the rule talks about waivers by an accused, that it's not applicable once a conviction has been entered, or at least even a finding of guilt has been made. And I think that's a faulty analysis because accused is essentially included in convicted. They say Mr. Harrison is now convicted, so he's no longer accused. But there's no conviction without a formal accusation by indictment, information, or a complaint. He's also seeking, he's still challenging the validity of his conviction, and he faces the potential punishment of the full range of the class-X sentencing, not by virtue of his conviction, but by virtue of his accusation. The accusation is what subjects him to the risk going forward in the post-conviction petition. If he were to successfully withdraw his guilty plea or challenge his guilty plea, He would go back to the status of accused. Yes, and he would face the risk even at the time of the post-conviction proceedings. There's the risk of opening himself up to a range of six to 30 years by virtue of that accusation, not by virtue of his conviction. So it's just simple to say he goes back to the status of being accused. Sure, yes. Yeah, but the risk still exists prior to reverting to that status. It's a risk of him proceeding at the moment he's choosing to go pro se in his post-conviction proceedings. The other language the state brings up is the phrase punishable by imprisonments and saying, well, he's already been sentenced to imprisonment, so punishable by imprisonment doesn't apply. But in the language of the rule, you see that punishable by imprisonment isn't modifying or relating to the defendant, but to the offense. It's whether the offense in question, the offense that is involved, is one punishable by imprisonment. So I don't think these two terms in the rule necessarily mean 401A cannot apply in post-conviction proceedings. And I think they would fit here, especially a post-conviction challenging guilty plea, where he could be made aware of the nature of the charge and the possible sentences, because by undoing a negotiated guilty plea, he does risk facing the full sentencing range. And a lot of defendants often think that once they have a sentence, they can't go any higher. They've heard that. They may be familiar with North Carolina v. Pierce and not realize it doesn't apply to guilty pleas. And so 401A could fit here. But we're not asking that it has to. What he's really trying to do is undo his plea of guilty, isn't that the legal case here? Yes. So that he is trying to go back to the status of being presumed innocent, right? Yes. Okay, so that's really what he's seeking here, right? Yes. And so you're saying the obligation is on the trial judge to say that if that were to occur, okay, obviously, I mean, what does the trial judge have to say? I guess I'm kind of confused by that. In your mind, what would the trial judge actually have to do to be complete? Because you're saying it was inadequate. Well, if we're looking for a formula, 401A could apply and follow the admonitions in 401A, which the court didn't even begin to do here, the nature of the charge, the possible penalties, which would be if you go forward, ultimately you could be exposing yourself to six to 30 years on this charge, which a guilty plea defendant may not be aware of, and that he has this continued right to appointed counsel if he so chooses. But we're not necessarily asking that that has to apply. That's one possible answer, that there's a rule that's written, and it could apply to this situation even if the language isn't a perfectly neat fit, and you can follow this rule created by the Supreme Court, and in this case it wasn't followed. But short of that, or applying something different than that, a court needs to make them aware, as Coretta described and defined, of the dangers and disadvantages of self-representation. And, again, there was no discussion before accepting the waiver that there would be an evidentiary hearing, evidence would have to be put on, and he'd have to carry a burden of production and persuasion, anything like this to discuss the proceedings at hand and the context of his waiver to show that he knew what he was getting into. There's just no discussion in the record to show he made this decision with eyes open, as the knowing and intelligence standard requires. Two minutes, please. The courts have often said that we have to indulge every presumption against a waiver, and that was said in Gray, People v. Gray, quoted that kind of baseline, that the presumptions are against a waiver. And where a court below had the briefest discussion with no steps to make him aware of these dangers and disadvantages of self-representation, or no even minimal compliance with 401A if 401A is going to apply, nothing in the record overcomes that presumption against a valid waiver. Since this is a constitutional right, would you agree, correct? Correct. Statutory created right. Yes. Did the legislature say you could never proceed pro se? Did the legislature say? I mean, they're giving a non-constitutional right. I suppose if they could change the law to say you could never proceed pro se. Because the right to proceed pro se emanates from a constitutional right, doesn't it? It does. So they could just solve this very issue, right? All this litigation. I suppose that would get rid of any of the litigation in Leslie. Well, Leslie would still have a difficult situation of forcing an attorney to continue representing someone who's acting belligerently towards him. But if you can never go pro se, then there would be no litigation about these type of waivers. But as it stands now, Well, no, Leslie didn't say that.  Well, if there was no ability to go pro se, then someone would have to represent a belligerent defendant. I mean, the statute would require a replacement attorney or counsel. Sure, sure. But as the law stands now and the question before us here, where there is a right to counsel and there's a right to waive that counsel, as found in Gray, and Mr. Harrison Below did waive his counsel, then a standard of knowing an intelligent waiver has to apply, as this court said in Leslie, as the court said in Gray. And there's nothing on the record to overcome a presumption against waiver in this case. So we'd ask this court. Let me just ask you, since it's a statutory and not a constitutional right, is there any need to show a prejudice or anything like that? I don't believe so, because the standard of knowing intelligent is well-defined, and even if it developed from a line of constitutional cases, if the standard uses the same language, the standard should be applied in the same way. If courts wanted to develop some sort of lesser protection for this, I think different language would have been used. You can see that in contrast with what type of counsel you're entitled to. In a constitutional counsel, you're entitled to effective assistance of counsel, and it has a certain standard. In post-conviction proceedings, you're entitled to reasonable assistance of counsel, and courts use different language to define different standards. Here we have the same language of knowing an intelligent involuntary waiver, and so there's no reason not to rely on the development of that standard that arose mostly in constitutional counsel cases. So we'd ask this court to reverse and remand for further proceedings because the waiver was not knowing and intelligent. I just want to note, in the briefs, we asked for remand for a new evidentiary hearing. Upon further consideration, I think the appropriate relief would be remand to the point at which the erroneous waiver occurred, which was the same remand as unless they thought it would be at the second stage. Here counsel hadn't completed the duties of 651C and certified. He had consulted with the defendant, reviewed the record, and made any necessary amendments. So I think that would be the appropriate position to remand this case to. Remand to the beginning of the second stage? Yes, with the reappointment of counsel, after which Mr. Harrison can choose to seek to proceed as he wishes. In which case he could seek to waive that. He could. The proper admonition is what you're arguing. Yes. Okay. Thank you. Thank you. Mr. Ostle? May it please the Court? Counsel? Section 122-4 gives the statutory right to appoint a counsel if a petitioner asks for an attorney and the person is indigent. In that case, the Court must appoint an attorney. So the appointment of an attorney under post-conviction proceedings is not automatic. It has to be upon request and meet the certain conditions of being indigent. If a person asks for an attorney and they have the financial resources to pay for an attorney, they have to pay for their own attorney under 122-4. I questioned that earlier because I know, having been a trial judge and fellow trial judges, they appoint without a request. That does happen. Right. That's correct. So that can be a scenario as well. Sure. And so once the appointment is made, that's where we move forward in this case, right? So there is no question there was an appointment, however it happened. Absolutely. That's correct. But if a person is not appointed counsel, they don't request counsel, and a trial judge is not supposed to appoint for whatever reason, I am unaware of authority that's requiring administration to petition saying, well, you should have a counsel. Maybe judges would normally do that just out of course, but I have not found any authority that requires administration in that case where no request for counsel is made and the trial judge is not supposed to appoint counsel. And the petitioner argues that his waiver of post-conviction counsel was invalid because the trial judge failed to properly admonish him pursuant to Feretta v. California and according to Illinois Supreme Court Rule 401. But the Feretta court stated that a defendant who chooses self-representation need not himself have the skill and experience of a lawyer, but he should be made aware of the dangers and disadvantages of self-representation. But Feretta regarded a defendant who chose to represent himself prior to trial. Thus, Feretta does not apply in the post-conviction context. Now, Rule 401A applies to the waiver of counsel, quote, by a person accused of an offense punishable by imprisonment. And our Supreme Court, Campbell rather, stated that the plain language of the rule determines whether Rule 401 applies. The fourth district in Young observed that 401A regards only the procedure for dealing with defendants who request counsel but a waiver of counsel at the initial appointment stage of the proceedings. And Young involved a post-sentencing motion, not a post-conviction petition. But the court observed that Young had already been convicted and sentenced. The court concluded it would have been useless for the trial court to inform Young of the nature of the charge and possible sentencing because Young was not facing any charge or possible sentence. Similarly, in this case, Mr. Harrison had already been sentenced. He was in prison, and to require the trial judge to admonish Harrison of the nature of the charge against him and the possible sentences would not have served any function. He already knew of all the sentencing from his guilty plea in this particular case. And as in Young, Harrison waived his right to appoint a counsel, and he chose to represent himself. Now, this court in Leslie reviewed a waiver of counsel by conduct. It was an involuntary waiver of counsel in that situation, and the court found that under the specific facts of that case, that Rule 401 admonitions were required before the judge could find that Leslie had waived his right to counsel by conduct. This court found that Leslie's conduct was not so severe that a warning was not necessary or foreseeable. But the Leslie court did not hold that Rule 401 admonitions are required before a post-conviction petitioner can voluntarily waive counsel, and this court did not reject Young. And Harrison called his plea attorney and examined him in the third stage, and thus he knew of his burden to present evidence. In his main brief, petitioners cited biases regarding the necessity of a knowing and intelligent waiver of counsel, but that was a capital case, not a post-conviction proceeding. And in his reply brief, he relied on Behrs from the Fourth District for the proposition that Rule 401 admonitions apply to proceedings following conviction. But Behrs had not been sentenced when he waived counsel, and the trial judge failed to tell him that the sentences would be consecutive. Thus, he was not informed of the maximum penalty. Therefore, Behrs does not support that Rule 401 applies to post-conviction proceedings. In his main brief, the petitioner asserted that Rule 401 admonitions should be required where a petitioner faces the possibility of a new trial, but if he is granted a new trial, then the trial judge must provide the Rule 401 admonitions if the defendant then asks to waive counsel in that situation pre-trial again. In that case, the petitioner would have been returned to the status of an accused person who is subject to a prison sentence which fits under the Rule 401. People ask this Court to hold that Rule 401 admonitions are not applicable to voluntary waivers of counsel in post-conviction proceedings and to affirm the trial judge's denial of the petitioner's post-conviction petition following the evidential hearing. Is there any reason for us to wait on... Is there any reason to... ...to wait for Leslie? Isn't Leslie in the Supreme Court now? I'm not sure I heard your full... I'm sorry. Is Leslie in the Supreme Court now? It is. It is. Leslie is in the Supreme Court right now. And so we don't know, of course, what the outcome would be, whether that would be affirmed or overturned, whether they modify it. Of course, it is there, though. Any other questions, Your Honor? Thank you. Thank you, Mr. Osler. Mr. Harrison, rebuttal? Regarding the appointment with or without a request, here the Court appointed counsel upon seeing the petition without Mr. Harrison even being present, and I think it would be unjust to say he loses any protections of this right because the Court acted prematurely and didn't wait for an actual request. Did we ask you that? Wait a minute, acted prematurely? If you're inclined to say that the absence of request, there's no protections, he wasn't given the opportunity to request in person once it survived that first-stage summary dismissal standard because the Court appointed counsel without him present. So I don't think it would be fair to treat a defendant who gets an appointment before he even has to say a word about it differently than a defendant or petitioner who actually asks for it before the Court grants that right. In that regard, if a defendant is present and doesn't make a request for counsel, does the Court have to explain to him the pitfalls of not requesting counsel to begin with? I think that should be construed as a waiver because the PC Act and Rule 651C combined show that there is this right to counsel, and the defendant in that situation would be foregoing that right. So the defendant should be made aware of that right and the dangers and disadvantages. I think that would be appropriate, yes. But I don't think it's necessary. Well, that was just like when they make the first appearance as an accused. Yes, well, usually as the first appearance they are asked if they can afford an attorney. So that's where eventually you want to go. As Justice Schmitt says, Susponding the trial court didn't appoint counsel, Mr. Harrison didn't make a request, nor fill out an affidavit of indigency, which has to be done upon a request, that a judge in a post-conviction proceeding should proceed as though 401 applies to the post-conviction process and goes and gives all of the admonitions. Is that what you're thinking? Not necessarily 401, but I think it would be appropriate to require a trial judge to inform a petitioner who has survived first stage that they have a right to counsel. If they haven't given any indication that they're aware of this right, but it is provided, the legislature has by grace provided the statutory right, I think it would behoove courts, the appellate court, to require trial courts to give that warning. Not only that they've got a right to counsel, but that bad things can happen to them if they don't make that, in other words... Right, treat it as a waiver. So to make a knowing and intelligent decision as to whether or not to make the request. I think that would be appropriate. I think there wouldn't be any showing... Would you find it appropriate, but is it required under the law? I think it would be required by reading of the PC Act providing for counsel and the duties of counsel under 651C. Again, I don't think a determination of that issue is required for the outcome of this case, but I think that would be a proper standard of law to treat a petitioner who's proceeding without counsel and without a request for counsel as if that petitioner is waiving this right to counsel if there's no showing that the petitioner is even aware of what he's doing. That's even below any sort of baseline of knowing and intelligence. He doesn't know what right he's even giving up. So I think courts have to make the petitioner aware and treat that lack of request as a waiver. Well, he obviously had counsel, right? Yes. So he was aware of his right to counsel. Yes, he had counsel. He was aware that he had this right to counsel at that point. It's not clear if he was aware that he had this continuing right or that once he learned he's going to have to do an evidentiary hearing, he could request again. But in this case, the right to counsel attached because it was provided by the trial judge, and he then proceeded to express the way of that right, and that triggers the requirement that it be protected by the standard that the waiver has to be knowing and intelligent and that we indulge every presumption against a valid waiver. Okay. Let me ask you a follow-up on what Judge Linton asked Mr. Roscoe about. The Supreme Court has recently granted PLA and Leslie. What effect do you think Leslie has on this case? I think Leslie supports our position. I don't think you necessarily have to wait for a decision in Leslie because there are a couple of questions involved there. The standard for waiver by conduct in Leslie reached back to People v. Ames, which relied on some Federal Circuit cases about the different types of waiver, express waiver, waiver by conduct, forfeiture, that I don't think have been squarely addressed in Illinois law, and that doesn't relate to this case. But what wasn't disputed in Leslie, even as I'm sure you're aware in your dissent, there was no disagreement that the waiver had to be knowing and intelligent. In your dissent, you simply wrote that the record reflected that the defendant was aware of, you know, what needs to be apprised of for waiver by conduct. But since that case might turn on how waiver by conduct can proceed and is found in Illinois, that doesn't necessarily bear on our case. I don't think you have to wait for a decision in Leslie. Are there no further questions? Thank you. Thank you, Mr. Harris. Mr. Austell, thank you also. We'll take this matter under advisement. I recognize the position will be issued.